UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CARL GARRETT,            )
                         )
    Petitioner,           )
                         )
v.                       )   CV425-053
                         )
JACOB BEASLEY,           )
                         )
    Respondent.           )

ORDER

*Pro se* Petitioner Carl Garrett filed a 28 U.S.C. § 2254 Petition challenging his 1992 conviction in Chatham County, Georgia. *See* doc. 1. The Court reviewed the Petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, determined that it was untimely, and recommended dismissal. *See generally* doc. 7. Garrett filed a timely objection to the Court's recommendation.[1] *See* doc. 8. For the reasons explained below, the Report and Recommendation is **VACATED**, doc. 7, and the Court will direct a response to the Petition.

---

[1] The Objection was signed on May 9, 2025. Doc. 8 at 6. Pursuant to the "prison mailbox rule," it is deemed filed on that date. *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). It is, therefore, timely filed.

In reviewing the Petition, the Court explained that, despite being untimely, its merits might still be considered if there were some basis to equitably toll the statute of limitations or if Garrett asserted his "actual innocence." Doc. 7 at 6-8. The Court concluded that the Petition did not sufficiently invoke either theory. *Id.* Garrett's Objection does not dispute the Court's analysis of the timeliness of his Petition, but, instead, asserts that it should still be considered due to a "miscarriage of justice" and his "actual innocence." *See generally* doc. 8. His assertion that a state habeas court's "plain error" in dismissing his petition in 1995 constitutes a "miscarriage of justice," *see id.* at 1-3, misunderstands that concept. A legal error, no matter how obvious, cannot nullify the time bar. *See, e.g., Wynn v. Adams*, 2022 WL 95289, at *1 (S.D. Ga. Jan. 10, 2022) ("[A]llegations of legal error do not satisfy the requirement," to overcome a time bar (emphasis omitted)). *Cf. McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, Petitioner also asserts that he "clearly stated that the prosecutor withheld exculpatory evidence," and suborned perjury. Doc. 8 at 3. He then asserts clearly that he is "factually innocent," *id.* at 4, and identifies certain facts, asserted in his original Petition, that support that claim, *compare id.* at 4-5, *with* doc. 1 at 6, 8. While the Court does

2

not express any opinion on the merits of the assertion of "actual innocence," to avoid the time bar or the merits of the underlying grounds for relief, *see, e.g., Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying criminal proceeding."), the Court will not resolve the issue during Rule 4 review. *See* Rule 4, Rules Governing Section 2254 Cases (requiring dismissal "[i]f it *plainly appears* from the petition . . . that the petitioner is not entitled to relief" (emphasis added)).

Pursuant to a Memorandum of Understanding between this Court and the Attorney General of the State of Georgia, effective December 1, 2015, the Attorney General has agreed to accept electronic service of § 2254 petitions on behalf of respondents. The Attorney General further agreed that entry of an order to respond on the docket by the Clerk complies with the requirement of service of the petition on the respondent, the Attorney General, or other appropriate officer and that service is accepted once the order is entered.

Respondent is **ORDERED**, within 60 days of this Order's entry on the docket (*i.e.*, within 60 days of service), to file a response and to show cause why the relief sought should not be granted. The answer shall conform to the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts. Respondent shall furnish with the answer a copy of any trial transcripts, the transcripts of any state habeas corpus proceedings and orders of the state court denying the writ, and, if the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of all appellate briefs and of the opinion of the appellate court, if any. Garrett is **DIRECTED** to file his reply to the Respondent's answer or other pleading no later than 30 days from the date that answer or other pleading is served. Rules Governing Section 2254 Cases, Rule 5(e).

**SO ORDERED**, this 30th day of May, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA