## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

CARL GARRETT,                    )
                                 )
    Petitioner,              )
                                 )
v.                               )          CV425-053
                                 )
JACOB BEASLEY,                   )
                                 )
    Respondent.              )

## REPORT AND RECOMMENDATION

*Pro se* petitioner Carl Garrett filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Doc. 1.  The Court screened his Petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and recommended that it be dismissed as untimely.  Doc. 7.  In his objection to the Court's recommendation, Garrett asserted, albeit somewhat ambiguously, an argument that he was "actually innocent." *See* doc. 9 at 2-3.  Based on that allegation, the Court directed a response. *Id.* at 4.  Respondent has appeared and moved to dismiss the Petition. Doc. 13.  Garrett has failed to respond to that Motion. *See generally* docket.  While that failure provides an independent basis to dismiss the Petition, the Respondent also persuasively argues that Garrett's

invocation of the "actual innocence" exception to the statute of limitations on his Petition is meritless, as explained below. Accordingly, Respondent's Motion should be **GRANTED**. Doc. 13. Garrett's Petition should be **DISMISSED**. Doc. 1.

Garrett's Petition states that he was convicted of felony murder, possession of a firearm by a convicted felon, and aggravated assault in the Superior Court of Chatham County, Georgia in 1992. Doc. 1 at 1. He states that he appealed his conviction to the Supreme Court of Georgia and that the appeal was "denied." *Id.* at 3; *see also Garrett v. State*, 429 S.E.2d 515 (Ga. 1993). Garrett states that he filed a state habeas petition in "Waycross / District (Middle)," in 1995, which was denied the same year. Doc. 1 at 4-5. Respondent's brief states that Garrett filed his first state petition in January 1996, it was denied in June 1996, and the Supreme Court of Georgia denied a certificate of probable cause "prior to February 20, 1997." Doc. 13-1 at 1-2. Garrett filed a second state petition in "Reidsville / Southern District" on an unknown date, which was denied in 2006. Doc. 1 at 5. Respondent's brief states that Garrett filed his second state petition in March 2003, it was denied as successive in 2004,

and the Supreme Court of Georgia denied a certificate of probable cause in 2004.  Doc. 13-1 at 2.

Garrett's Petition asserts four grounds for relief.  First, he asserts that his trial counsel provided ineffective assistance in multiple ways, including failing to object to the prosecution's withholding exculpatory evidence, proffering perjured testimony, use of in-court identification, and violations of the rule of sequestration.  *See* doc. 1 at 6.  He states that he raised the issues in his 1995 habeas petition, but they were rejected as procedurally defaulted.  *Id.* at 6-7.  Second, he alleges "prosecutorial misconduct," based on one of the State's witnesses recanting prior inconsistent statements or testimony.  *Id.* at 8.  That issue was also raised in the state habeas petition and was rejected as procedurally defaulted.  *Id.* at 8-9.  Third, he alleges that witnesses' identification of him were defective.  *See id.* at 9.  Again, that issue was presented in his state habeas petition and rejected as procedurally defaulted.  *Id.* at 10. Finally, he alleges that two of the State's witnesses violated the rule of sequestration.  *Id.* at 11.  The issue was also presented in his state habeas petition and rejected as procedurally defaulted.  *Id.* at 11-12.

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626

4

at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). As the Court previously explained, doc. 7 at 4-5, Respondent confirms, doc. 13-1 at 5-6, and Garrett does not dispute, *see, e.g.,* doc. 1 at 7-8, Garrett's Petition is clearly out-of-time.

Whether Garrett may pursue the merits of his asserted grounds, therefore, depends upon whether he asserts any meritorious basis to avoid the time bar. His untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Garrett contends that his Petition is not time barred because he proceeded *pro se* in his state habeas case and was not aware that the

5

state habeas court's order could be challenged. *See* doc. 1 at 14-15. He asserts that he "wrote the courts and other legal agencies seeking help," without success. *Id.* at 15. Even assuming that Garrett's vague assertions about requesting "help" showed that he pursued his rights diligently, his lack of legal knowledge is not an "extraordinary circumstance." *See, e.g., Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of legal education and related confusion or ignorance about the law as excuses for failure to file [a federal habeas petition] in a timely fashion." (citation omitted)). As the Respondent points out, and the Court already explained, the arguments for equitable tolling in the original Petition are meritless. *See* doc. 13-1 at 7-8; *see also* doc. 7 at 6. Nothing in Petitioner's objection, doc. 8, alters that analysis and his failure to respond to the Respondent's Motion is construed as non-opposition. *See, e.g.,* S.D. Ga. LR Civ. 7.5.

Untimely § 2254 claims may be considered, however, even if the petitioner is not entitled to equitable tolling, if he can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)

(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception is exceedingly narrow in scope, and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted)). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)). The petitioner bears the burden of showing the exception applies. *See, e.g., McQuiggen*, 569 U.S. at 399.

Petitioner asserted, in his Objection to the Court's prior recommendation, that he "stated a claim for actual innocence review."

7

Doc. 8 at 6. When it vacated the prior recommendation, the Court declined to "express any opinion on the merits of [Petitioner's] assertion of 'actual innocence,'" in the context of a Rule 4 review. *See* doc. 9 at 2-3. Respondent's Motion argues persuasively that Garrett's assertion of actual innocence is insufficient "to justify overcoming [his] lack of compliance with the statute of limitations." Doc. 13-1 at 8. As Respondent points out, and as Petitioner has not disputed, the evidence alluded to in Petitioner's Objection is the same as the evidence he relied on "in his first state habeas corpus proceeding filed in January of 1996, more than 28 years before he executed the present petition." *Id.* at 10. As Respondent's Brief explains, *id.*, Garrett's 1996 habeas state petition clearly refers to the "silent witness" reports he appears to contend now support application of the "actual innocence" exception to the statute of limitations. *Compare,* doc. 14-3 at 21, *with* doc. 8 at 4. Finally, as the Respondent compellingly argues, Petitioner's remaining disputes about the sufficiency of the evidence for his conviction do not plausibly implicate an "actual innocence" argument. *See* doc. 13-1 at 11; *see, e.g., Paulk v. United States*, 2012 WL 13069818, at *14 (S.D. Fla. Mar. 5, 2012)

8

(citation omitted) ("An attack on the sufficiency of the evidence does not demonstrate actual innocence.").

Finally, Respondent addresses Garrett's "miscarriage of justice" assertion. He states that a "miscarriage of justice" occurred when the "court itself . . . committed plain[ ] errors by erroneously ruling that petitioner was procedurally barred from presenting claims of ineffective assistance of counsel, prosecutorial misconduct, suggestive identification and[ ] violate of [the] Rule of Sequestration." Doc. 8 at 3. A "fundamental miscarriage of justice" requires that a petitioner, at least, identify a violation of his rights under the United States Constitution. *See, e.g., Zebranek v. Sec'y, Dept. of Corrs.*, 2024 WL 111995, at *4 (M.D. Fla. Jan. 10, 2024) (noting, in rejecting actual innocence claim, that the petitioner "was not entitled to the exception merely by alleging a federal constitutional violation because AEDPA's statute of limitations applies to constitutional claims."). The state habeas court, however, clearly invoked Georgia law in finding the claims procedurally barred. *See* doc. 14-4 at 2-3. Errors of state law, however, are not constitutional violations, in themselves. *See, e.g., Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a

9

denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."). Thus, even assuming the Petitioner is correct that the almost thirty-year-old state habeas court order was "plain error," doc. 8 at 3, such an error could not support an exception to the applicable statute of limitations.

Accordingly, Respondent's unopposed Motion to Dismiss should be **GRANTED**. Doc. 13. Since Garrett's Petition is untimely and he makes no meritorious argument for equitable tolling or assertion of actual innocence, it should be **DISMISSED**. Doc. 1.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 27th day of February, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA