**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

CARL GARRETT,

        Petitioner,

        v.

JACOB BEASLEY,

        Respondent.

CIVIL ACTION NO.: 4:25-cv-53

**O R D E R**

The Court previously adopted the Magistrate Judge's Report and Recommendation, (doc. 16), granted Respondent's Motion to Dismiss, (doc. 13), and dismissed Petitioner's 28 U.S.C. § 2254 Petition, (doc. 1). (Doc. 17.)  Several days after the Court's Order, the Clerk received Petitioner's objections to the Magistrate Judge's Report and Recommendation. (Doc. 19.)  The Objection was not timely filed.  The Report and Recommendation was served upon Garrett by mail on February 27, 2026, Fed. R. Civ. P. 5(b)(2)(C), he then had fourteen days to file his objection, Fed. R. Civ. P. 72(b)(2).  Fourteen days from February 27, 2026, was Friday, March 13, 2026.  Given that the Report and Recommendation was served upon Garrett by mail, by operation of the Federal Rules, an additional three days were added to the deadline.  Fed. R. Civ. P. 6(d).  His Objection, therefore, was due no later than Monday, March 16, 2026.  His Objection was signed on March 19, 2026, (doc. 19, p. 7), and states that it was submitted for mailing on that same date, (id., p. 8).  Pursuant to the "prison mailbox rule," it is deemed filed on that date.  See, e.g., Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015).  The Objection was three days too late.  The Court, therefore, need not consider the substance of the objections.

See, e.g., Willis v. Bowman, 4:23-cv-40, 2023 WL 3337247, at *1 (S.D. Ga. May 10, 2023) ("The Court has no obligation to consider untimely objections."). The Court's prior Order stands. (Doc. 17.)

Although the Court is not obligated to consider Garrett's untimely objection, it is substantively meritless. The Report and Recommendation explained that Garrett's Petition is clearly out-of-time, under 28 U.S.C. § 2244(d). (Doc. 16, pp. 4—5.) It then considered Garrett's arguments that he was entitled to equitable tolling of the statute of limitations or the "actual innocence" exception to it. (Id., pp. 5—10.) Garrett's Objection focuses on the "actual innocence" exception. (See generally doc. 19.) He argues that a ruling that certain claims were "procedurally barred" in his state habeas case "30 years ago," was erroneous, thus excusing the instant Petition's untimeliness. (Id., pp. 4—7.) Legal errors are simply not sufficient to invoke the exception to the statute of limitations. See, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). He also argues that he has "proof" that he is factually innocent. (Doc. 19, p. 6.) Although it is not entirely clear whether evidence that was available, but not presented at trial, constitutes "new evidence," see Stimpson v. Warden, No. 22-10190, 2025 WL 484049, at *3-*4 (11th Cir. Feb. 13, 2025) (noting that "sister circuits have split," on whether evidence that was available "through the exercise of due diligence," at the time of trial, but not presented at trial, is "new evidence" for purposes of the actual innocence exception and declining to decide the issue), it is clear that the evidence Garrett proffers as "new," even crediting his contention that it was not presented at trial, is no more than impeachment evidence, at best. (See doc. 8, pp. 3—4 (noting that the "second statement," from the witness was reported "during cross-examination").) The Supreme Court has expressed skepticism that such impeachment evidence "will seldom, if ever, make a clear and

2

convincing showing," of "actual innocence.   Sawyer v. Whitley, 505 U.S. 333, 349 (1992); see also Calderon v. Thompson, 523 U.S. 538, 563 (1998) (impeachment evidence "is a step removed from evidence pertaining to the crime itself."). Cf. Garrett v. State, 429 S.E.3d 515, 516 (Ga. 1993) (discussing testimony of multiple eyewitnesses to crime).   Even if the Court overlooked the Objection's untimeliness, it would not alter the Court's conclusion adopting the Report and Recommendation.

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).   And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.   Thus, *in forma pauperis* status on appeal is likewise **DENIED**.   28 U.S.C. § 1915(a)(3).   The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 7th day of April, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3